Field, J.
(after stating the proceedings had against the petitioners respectively, and reciting the bills of exceptions relative to the several jurors aforesaid) delivered the opinion of the court as follows.
I. The opinion entertained by the juror William Earle, who was called upon the trial of M’Cune, had been formed from mere rumour. It was purely hypothetical. And as he did not appear to be under the *790 influence of bias or prejudice either for or against the prisoner, the court is unanimously of the opinion that he was a good juror. The writ of error is therefore refused in M'Cune's case.
Jl, jn relation to the three jurors Baber, Sisson and Bailey, called upon the trial of Cottrell, the judges present are also unanimously of opinion that they were competent. The opinions which they had formed were derived from mere rumour. They had not heard the evidence. And so far as the prisoner and the commonwealth were concerned, these men were free from partiality, bias or prejudice. There does not appear to be any error in the record of Cottrell's case, and the writ of error is consequently refused.
III. The court are likewise unanimous in the opinion that John Forqueran, called as a juror on the trial of Farsons, was competent.
It appears from the examination of Dioclesian Marti71, called as a juror on the same trial, that his was an opinion upon mere rumour and neighbourhood reports, of the truth of which he had no knowledge. Towards the commonwealth and the prisoner he occupied an impartial position, and was not likely to be influenced in his verdict by prejudice.- The opinion was clearly a hypothetical one, and this court is unanimously of the opinion that he was a good juror.
As to the question of a new trial, that depended on the evidence before the jury. That evidence was entirely circumstantial. Whether the circumstances were sufficient to establish the guilt of the prisoner, or not, it was the province of the jury to decide. The jury was satisfied that they were sufficient, and convicted the prisoner. With this verdict the judge before whom the trial took place, and who heard all the evidence, has indicated his satisfaction, by overruling the prisoner’s motion for a new trial. Where the finding of the jury is clearly against the evidence, or clearly with *791 out evidence to justify it, it is the duty of the court to set the verdict aside upon the application of the prisoner, and to grant him a new trial. The circumstantial evidence in this case, which has been set forth in the bill of exceptions, has been examined by this court, and although we do not regard it as amounting to very strong and clear proof, yet a large majority of the court are of the opinion that this court cannot with propriety disturb the verdict and judgment on that ground. From this opinion, however, judges Lomax and Gholson dissent. They regard the testimony as clearly insufficient to establish the guilt of the prisoner, and would be willing to award the writ of error on that ground only.
In each case, writ of error denied.